

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| DONNA J. ARMSTEAD and ) | |
| ANTHONY L. ARMSTEAD, ) | Case No. 1:21-bk-00623 |
| ) | |
| Debtors. ) | Chapter 7 |
| ) | |
| ROBERT L. JOHNS, Chapter 7 Trustee ) | |
| for the Bankruptcy Estate of Donna and ) | |
| Anthony Armstead, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 1:22-ap-00004 |
| ) | |
| MANNINGTON HOME CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

On July 29, 2022, the court entered an order denying Mannington Home Center Inc.'s ("Mannington") motion to dismiss this proceeding and granting summary judgment to Robert L. Johns, the Chapter 7 trustee administering the bankruptcy estate of Donna and Anthony Armstead. As a result, the court voided Mannington's purported judicial lien recorded December 19, 2008. In resolving the motions, the court reserved the opportunity to issue a memorandum opinion in the event Mannington filed a notice of appeal, which Mannington filed August 1, 2022. The court now supplements the record with its analysis supporting its July 29, 2022 order.

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek to dismiss a complaint against it when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ.

P. 12(b)(6); Fed. R. Bankr. P. 7012(b). When evaluating a motion to dismiss, the court must (1) construe the complaint in a light favorable to the non-movant, (2) accept the factual allegations in the complaint as true, and (3) draw all reasonable inferences in favor of the plaintiff. 2 *Moore's Federal Practice – Civil* § 12.34 (2018). After undertaking these steps, the claim for relief must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570 (2007)). In determining a motion to dismiss, the court is not adjudicating whether a plaintiff will ultimately prevail on the merits of the complaint; it is only determining if the plaintiff is entitled to offer evidence to support the claims. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011). In the Fourth Circuit, this standard requires the plaintiff to articulate facts that, when accepted as true, show a plausibility of entitlement to the relief sought. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Failure to meet this standard results in dismissal of the complaint. *Id*.

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II.  BACKGROUND

On December 16, 2008, Mannington obtained a judgment against the Armsteads. It recorded its judgment on December 19, 2008. After that date, the Armsteads filed several successive bankruptcy cases. On March 30, 2015, the Armsteads filed a Chapter 13 case (Case No. 1:15-bk-00302), which the court dismissed on September 25, 2015. The automatic stay that arose under § 362(a) of the Bankruptcy Code existed for 180 days. *See* 11 U.S.C. § 362(c)(2)(B). The Armsteads next sought bankruptcy relief on April 28, 2017, when they filed another Chapter 13 case (Case No. 1:17-bk-00431). The court dismissed that case on January 9, 2018. During that case, the automatic stay under § 362(a) of the Bankruptcy Code existed for 257 days. *Id*.

The Armsteads filed their third post-judgment bankruptcy case (Case No. 1:18-bk-00616) on June 27, 2018. The court dismissed that case on January 9, 2019. In that case, the Armsteads had sought an extension of the automatic stay under § 362(a) because the stay in their case otherwise expired on July 27, 2018. *See* 11 U.S.C. § 362(c)(3). The court denied their request such that the automatic stay existed for only thirty days. Despite the expiration of the automatic stay on July 27, 2018, Mannington did not seek to extend the viability of its judgment lien until April 2019, more than ten years after the December 19, 2008 recordation.

The Armsteads subsequently filed a case (Case No. 1:19-bk-00615) on July 29, 2019; they ultimately converted to one under Chapter 11. Between July 27, 2018, and July 29, 2019, no automatic stay protected the Armsteads from collection, including Mannington's renewal of its judgment lien. Notably, the automatic stay again arose on July 29, 2019, for only thirty days because the Armsteads did not seek an extension under § 362(c)(3)(B) of the Bankruptcy Code. Despite the dissipation of the automatic stay, the Armsteads continued in their case and filed an

3

adversary proceeding against Mannington on October 11, 2019 (Adv. No. 1:19-ap-00049). Therein, the Armsteads made the same argument that the Chapter 7 trustee alleges here—that, as debtors-in-possession, they could avoid Mannington's purported lien based upon the operation of § 544(a)(3) of the Bankruptcy Code and state law governing the duration of judgment liens upon real property.

Ultimately, the Hon. (Ret.) Patrick M. Flatley granted the Armsteads judgment on the pleadings and found that Mannington's judgment lien expired before the Armsteads' 2019 case. Subsequently, after Judge Flatley retired from the bench, the Armsteads sought to amend the judgment to disallow Mannington's claim, which was at that time unsecured based upon the expiration of the judgment lien. Mannington did not respond to the Armsteads' motion in that regard, and the Hon. Frank W. Volk granted the Armsteads' relief by order dated May 4, 2020. The Armsteads, however, did not successfully complete their 2019 case, and the court dismissed the case on February 17, 2021. Additionally, the court found the Armsteads ineligible to be debtors in a subsequent case for 180 days.

Upon the expiration of that 180-day period, the Armsteads filed their fifth case since Mannington recorded its judgment (Case No. 1:21-bk-00450). Notably, however, the court dismissed that case because the Armsteads' 2019 case remained open and pending based upon their appeal of the court's order dismissing the case. The court thus found that Case No. 1:21-bk-00450 "violate[d] the rule that a debtor may not maintain simultaneous bankruptcy proceedings involving the same debts." The Armsteads then voluntarily dismissed their appeal in that case and filed the current case (Case No. 1:21-bk-00623), which the court converted to a case under Chapter 7 on January 13, 2022.

On March 4, 2022, the trustee filed the above-captioned adversary proceeding and obtained a temporary restraining order prohibiting Mannington from enforcing its purported lien upon the Armsteads' property, which became part of the bankruptcy estate by virtue of § 541(a) of the Bankruptcy Code. On March 21, 2022, the court entered its scheduling order, which provided for a period of discovery and dispositive motions, among other deadlines. The parties timely filed the extant motions and indicated that their respective positions are sufficiently briefed.

### III. ANALYSIS

Mannington contends first that the court should dismiss this adversary proceeding because the bankruptcy trustee lacks standing to pursue the relief he seeks. Specifically, Mannington

asserts that only a "purchaser of real estate for valuable consideration" can seek relief to avoid its purported lien. Additionally, Mannington urges the court to dismiss this proceeding because the automatic stay invoked by the Armsteads' several bankruptcy cases tolled the ten-year period within which it could renew its lien. In all, Mannington argues that the ten-year effective period of its lien was tolled 1,338 days such that the ten-year period since December 19, 2008, has not yet elapsed. It relies, at least in part, on the assertion that automatic stay in the Armsteads' 2018 case (Case No. 1:18-bk-00616) operated between June 27, 2018, and January 9, 2019, to prevent it from extending its lien, with the lien otherwise set to expire in December 2018. At bottom, Mannington contends that its April 2019 renewal of its lien effectively extended the viability of its lien against the Armsteads' property, which is now property of the bankruptcy estate.

The trustee opposes Mannington's motion to dismiss and seeks summary judgment on his complaint seeking to avoid Mannington's lien. Regarding his standing, the trustee contends that § 544(a)(3) of the Bankruptcy Code gives him standing to set aside Mannington's lien upon the subject property. Insofar as Mannington asserts that the Armsteads' bankruptcy cases tolled the ten-year period within which it could renew its lien, the trustee argues that such action is excepted from the automatic stay under § 362(b)(3) of the Bankruptcy Code such that the tolling provision in W. Va. Code § 38-3-19 is inapplicable. In support of his argument, the trustee points the court to *Branch Banking & Tr. Co. v. Constr. Supervision Servs. (In re Constr. Supervision Servs.)*, 753 F.3d 124 (4th Cir. 2014). According to the trustee, the Fourth Circuit in that case found the exception to the automatic stay in § 362(b)(3) permitted subcontractors to perfect a lien post-petition on property of the bankruptcy estate when state law provided the subcontractors with a sufficient interest in the subject property. As a result, the trustee contends he is entitled to summary judgment based upon the application of § 544(a)(3) of the Bankruptcy Code and the operation of W. Va. Code § 38-3-7.

Both parties acknowledge that unrecorded liens are ineffective in West Virginia "as against a purchaser of real estate for valuable consideration without notice . . . ." W. Va. Code § 38-3-7. Section 544 of the Bankruptcy Code confers upon bankruptcy trustees standing in a variety of roles, including as "a bona fide purchaser of real property, other than fixtures, from the debtor, . . . that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3).

5

Next, both parties also acknowledge that W. Va. Code § 38-3-19 offers an exception to the limitation on extending the enforceability of a judgment. Specifically,

> [n]o execution shall issue, nor any suit . . . be brought on any judgment . . . after the time prescribed in [W. Va. Code § 38-3-18], except that in computing the time, any time during the right to sue out execution on the judgment is suspended . . . by legal process, shall be omitted from the computation.

W. Va. Code § 38-3-19.

In the context of a bankruptcy case, the automatic stay generally operates to protect a debtor and property of the bankruptcy estate from certain collection activities. 11 U.S.C. § 362(a). However, Congress excepted certain activity from the stay, including "any act to . . . maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection . . . ." 11 U.S.C. § 362(b)(3). Additionally, the automatic stay is of limited duration, if it arises at all, when a debtor files successive cases. For instance, the automatic stay in an individual's bankruptcy case dissipates after thirty days, unless the court extends it, if the debtor had a prior case in the preceding one year that had been dismissed. 11 U.S.C. §362(c)(3). If the debtor had two prior cases pending in the preceding one year, no stay takes effect unless the court grants imposition of the stay on motion by a party in interest. 11 U.S.C. § 362(c)(4).

Regarding the trustee's standing, Mannington's argument simply fails to account for the trustee's status under § 544(a)(3) and its impact on the operation of W. Va. Code § 38-3-7. Put simply, the trustee is a "purchaser of real estate for valuable consideration without notice" as of the date the Armsteads commenced their case. He thus possesses the requisite standing to ask the court for a determination that Mannington's lien expired, without renewal, by operation of law and is thus null and void.

Turning to the merit of this dispute, Mannington's position again fails based upon it's misunderstanding of the interplay of the Bankruptcy Code and state law. First, the court finds the trustee's explanation of § 362(b)(3) to be accurate and his reliance on *In re Constr. Supervision Servs.* to be persuasive. Although slightly different factually, Mannington undoubtedly possessed an interest in the subject property at the time the Armsteads commenced any of their successive cases up to and including the 2018 Case. More importantly, no stay existed in December 2018 when Mannington's lien was set to expire. In the Armsteads 2018 case, they sought an extension of the automatic stay beyond the thirty days following the petition date. On August 8, 2018, the

court entered its order denying the Armsteads relief in that regard.  Therefore, Mannington was able to extend the effectiveness of its lien at any time between July 27, 2018, and the expiration of its lien on December 19, 2018.  Despite not being precluded by the automatic stay, Mannington never timely acted to extend the effectiveness of its judgment lien.  Therefore, the lien expired on December 19, 2018; again, this determination is consistent with earlier rulings by two predecessor judicial officers.

## IV. CONCLUSION

Based upon the foregoing, the court entered its July 29, 2022 order denying Mannington's motion to dismiss and granting summary judgment to the Chapter 7 trustee.